Good morning, Your Honors. May it please the Court, Benjamin Schatz of Manat, Phelps & Phillips, appearing for non-party appellant Philip Brumley. I'd like to try to reserve five minutes. Mr. Brumley is here in the courtroom. He is the in-house counsel for the defendant, one of the defendants in the case, WTPA. The statute that we're here to discuss, 28 U.S. Code 1927, imposes sanctions personally on a lawyer, and that's the reason that Mr. Brumley is here. He takes sanctions very seriously, as Judge Holderman wrote in his law review article on this. Professional reputation is very important, and we take this case very seriously. Mr. Brumley is not the first in-house counsel to ever sign a factual affidavit in litigation on behalf of his employer, but he may be the last one to ever do so if this Court does not reverse the order sanctioning him. Counsel, before you get to the sort of the merits argument, I guess I'm wondering a couple of things. The argument on appeal is that Mr. Brumley was acting as a fact witness, but that was not raised as an argument to the District Court, where the Court ordered, before the Court ordered the sanctions. You also didn't mention waiver or expressions of waiver in your opening brief, so why aren't the arguments waived? The arguments here, first of all, were raised in the District Court during the second phase of what was happening with respect to the sanctions, because there was a request that the sanction award be stayed, and as part of that, you have to show arguments that you would raise on appeal. And so the District Court had those arguments before her, and she could have addressed them. Well, but that was after she issued the sanction. After she issued the entitlement to sanctions, but before she issued an amount of sanctions and addressed the stay request. So my point is simply that, under this Court's waiver doctrines, if the District Court at least has an opportunity to address the issue, then it's arguably not waived, because the District Court could have addressed it, but she chose not to. The second point on waiver, of course — But, so, do you have any case that says that that isn't waiver? I know that we cited one in our Court, in our brief, where this Court said that if the there is an opportunity for the District Court to address the issue, then that doesn't have to be a waiver. Is that a case, though, where the opportunity was before the ruling that was the relevant one? I mean, it's a little odd to say, well, the relevant ruling happened, but something else was going on, and so we mentioned it then. That's kind of what was going on here. No, that's exactly right. But the point is simply that because we get — there was this extra step where there was at least an opportunity to address it, and so that's our first argument. Our second argument, of course, is that we're here to raise a legal question, and the legal question does not — is not waived. And this Court's opinion in Cass and other cases directly relating to this statute make that clear, that when we're here to talk about the scope of the statute, there isn't a waiver, because it's purely a legal question of interpreting the statute. And the statute, which has been on the books for over 200 years, it's only one sentence, and yet it's spun off dozens of law review articles and circuit splits. It's caused a tremendous amount of litigation, which is somewhat ironic since it's designed to make litigation efficient. But the statute essentially says that an attorney or other person admitted to conduct cases in a litigation can be sanctioned for vexatiously multiplying those proceedings. And the high school class behind me was very helpful in formulating the question, is when is a lawyer not a lawyer? When is an attorney not an attorney? So I'm just really struggling with how a general counsel saying, I know this because I'm a general counsel and I'm swearing to this information, is not acting as a lawyer. Because those are purely factual statements. And lawyers can't talk about facts? They can, but that's not the sort of attorney conduct that multiplies proceedings. Well, it does if your whole point is something that's going to change whether there needs to be jurisdictional litigation for years to figure it out because you're lying about the facts. Well, this affidavit didn't have to be signed by a general counsel. That may be true, but in fact he did. And he said he knew the information because he was the general counsel. So I just, it's like definitionally bizarre to me to say that that's not an action of a lawyer. And Judge Mendoza and I were district court judges. And when we get an affidavit from an attorney who swears to something, we look at it differently than just a fact witness that doesn't have the same responsibilities of candor to the court. And when I started as a U.S. district court judge in Seattle, I gave a speech on a number of occasions entitled, Why Lawyers Lie and Why Judges Let Them. It happens more than you think and more than it should. And I don't understand how you can say this isn't one of those situations where a lawyer under oath said things that turned out not to be true. The you withdrew the motion under Rule 11 sanction threat, but it did serve to extend this case for a long time, didn't it? It did, but really it was the motion, not so much the declaration. And I do have to say that there was not a finding that the declaration contained falsity. Mr. Bromley stands by the truth of what's in those affidavits. I think for our purposes, though, it's not contested that it was false. The district court found that it was reckless and confusing and thereby multiplied proceedings. So that's the distinction I would draw there, which still under that standard the statute can apply. We're not here to argue that aspect of it. We're here to argue the point that Mr. Bromley, even though he was an in-house general counsel, he wasn't acting as a lawyer in the case. And the purpose and the origins and the development of this statute all have to do with the lawyer who's going to be the lawyer of this company, X is true, and that was not true? It's as the lawyer as an in-house counsel. Not, remember, Mr. Bromley was not admitted to in the district court to conduct this case at all. He was not involved in conducting this litigation. He wasn't directing the litigation. I mean, there's no evidence that he did anything other than to sign this factual affidavit for his employer. And there's no legal argument in there. I mean, as I said before, there's no reason that it had to be signed by the general counsel, but he did. Now, Judge Lastnick points out, well, maybe that's there, too. And the other side also points out, well, maybe it's done by the general counsel to bolster the credibility. But Judge Lastnick, as you just said, I mean, that's somewhat questionable whether there is heightened credibility just because the person who signs it happens to be a lawyer. And that's really what this case turns on, is it's more happenstance than anything else that Mr. Bromley was a lawyer, and he happens to be admitted to the United States Supreme Court, so he has a nice certificate in his office. But those facts that he... Counsel, I want to come back to that. I completely agree with Judge Lastnick. I think when I was reviewing documents that were signed by lawyers, I know they have an independent responsibility to have candor to the court, independent responsibility. So I guess I don't understand your argument there. Why is that not different? Well, if that's the case, then lawyers are being held to a different standard for purely factual matters. I'm a lawyer. I'm admitted to a federal court. And if I witness an accident and file an affidavit in a case, can I suddenly be subject to this statute of sanctions? I mean, I think that's what this statute is saying. Isn't it saying, like, basically, we trust lawyers to help the court, and if they lie in a way that causes us to waste a lot of time, it's an extra harm, that because we're basically giving lawyers extra credit, if they, you know, undermine that, it's an extra harm to the entire system, and they get sanctioned. I think that's what this statute says. Right. But it's directed at the lawyers who file the case, who file the documents, who engage in the litigation. It says any lawyer, counsel. It says any lawyer. It does. But it says any lawyer admitted to conduct cases in the court. And it's — if you look at the — we traced the legislative history of this. And the way that it was — that the intent was, it's supposed to be the lawyer who's admitted to the court in which the case is proceeding and is handling the litigation. That's the lawyer that can cause — Well, that definitely is someone who wants to — who the statute was intended to capture. But where does it say that's the only thing? Because it actually says any lawyer, basically, and he is admitted to a court, so he has this obligation as lawyers to courts. I don't understand how — can you point to anything in the legislation that says — or in the legislative history that says it's only the named lawyer who's leading the proceeding? The legislative history is directed against lawyers who are delaying cases for their own financial benefit. That's how this came about. Because the idea was the lawyer who's controlling the case, if they engage in lots of discovery, then that's more work for them, more billable hours, things like that. And that was seen as the evil that was to be confronted by the statute. And that's why, in one of the earlier iterations, it was a little bit clearer, because it talked about the lawyer who is admitted to the court before a specific court. That's the court that can sanction him. And that makes sense, because that's the lawyer that is controlling and conducting the litigation. That was an earlier iteration, Counsel, not the final one. The language has changed over time, but there is no reason — there is no legislative intent to say, oh, well, we want to broaden it to just any lawyer. That wasn't intended by the — because the discussion of the expansion just had to do with — because originally it was just for costs, and that was felt like, well, that's not enough, we need to include attorney's fees, because, again, it was — but the focus was always on lawyers who were representing their clients in litigation that engaged in conduct that multiplied and expanded the litigation. In any case. In any case, Counsel, that's the language. Any attorney in any case. Yes. And it talks about admitted to conduct cases in any court of the United States, which is a term of art. I mean, they want to make sure that it's someone who is admitted to a Federal court. But the point of it is the Federal court — admitted to the Federal That's the original argument that we were making, is that it's — you're dealing with a lawyer who wasn't even admitted in the court that's doing the sanctioning. So if I'm hearing a case in the Western District of Washington, and there's an attorney who is not admitted to the Western District of Washington, but files an affidavit in the case from San Francisco in the Northern District of California, I can't sanction that lawyer under this statute? Under this statute, that's not what this was intended to do. It's not about filing an affidavit. Now, maybe it's about the overall conduct of the litigation and the motions that caused it. But if it's purely factual, then our argument is that lawyer isn't acting as a lawyer. That lawyer is just a fact witness. And so that — it doesn't go to the purpose and intent of the statute. Do you want to save time for rebuttal? I do. Thank you. May it please the Court, Counsel. Before I get started, I want to offer a brief mea culpa. Appellee's brief did not really address the Caputo case, and I take it as my duty to try to help this Court reach an informed, careful decision. I think not addressing Caputo in our brief failed in that regard. I certainly intend to address that case today and answer any questions that the panel has about how appellees believe it applies to the facts of this case. I want to begin by — I think it provides important context here — understanding the findings of fact below that have not been challenged by Mr. Brumley. Mr. Brumley was an attorney for a litigant, WTPA. He was sanctioned for attempting to mislead a federal district court regarding his client's role in operating Jehovah's Witness congregations in Montana that had been alleged to have been hiding years of child sexual abuse. His sworn statements were made in the context of an effort to get his client dismissed from the litigation. The key fact findings below that have not been challenged, number one, by the district court, his sworn statements were made in a reckless disregard of a truthful accounting of his client's role in operating the Jehovah's Witness congregations. Number two, his statements were made in a conscious decision to provide a limited depiction of his client's role in operating the Jehovah's Witness congregations in Montana. And then number three, the district court found that it was these misleading statements by Mr. Brumley that were central to his client's motion at the district court that vexatiously extended the proceedings by 17 months. So I think those are the facts established, not challenged here, that provide context for the arguments in the case. I want to brief you. Can I ask, I don't really understand, on page 29 of your brief you said that we should remand to the district court for further proceedings, perhaps, and I'm just wondering what facts you think a remand would need to develop, because is your position that the facts you just said, that he signed this as the general counsel, are actually enough to sanction him, or do you think there's some other facts that we need? The district court's findings, in fact, are certainly sufficient to uphold the sanctions order. Our argument, maybe not artfully presented in the brief, is that if this panel is considering either reversal, or I think if the panel is considering reversal, I think the more appropriate remedy would be remand to develop more facts, but this is certainly why I want to talk a little bit about waiver, because remand is not what we're asking for, to be clear. I think it would be preferable to us than just straight reversal. As it pertains to waiver, I think this panel has raised appropriately that Mr. Bromley's argument on appeal is different than the argument he raised when he was defending himself against these sanctions. What about his argument, this is a purely legal question, we should get to it, that's what he's challenging? I think if this panel is going to consider his argument as purely legal, it has to be a very, very narrow question, i.e., can in-house counsel or general counsel, or let me rephrase that, is in-house counsel or general counsel an attorney, as that term is understood under Section 1927, that gets very easily resolved by applying Caputo, binding precedent. I believe his appeal certainly implicates facts not in the record. If you write, in other words, this is what I just asked you. I thought you were saying we don't need more facts. I don't think you do. So what are you talking about, facts that are not in the record? I think the argument he raises, which is that I didn't coordinate the defense strategy as intensively as Attorney Hagan's did in Caputo, right, there's no record of that. We don't know that because his argument is raising a new argument for the first time on appeal. So to address your question, Your Honor, I think, number one, the district court's findings of fact certainly support, have not been challenged, and support her ultimate conclusion that sanctions were appropriate, most directly. But I do think the waiver rule applies here because his argument, which is that there's no record of me, Mr. Brumley, coordinating the defense strategy. Well, that's his fault because he didn't raise his argument below. So nobody had an opportunity to develop those facts. But if we — I think your primary argument is we have enough facts on the record to affirm. And if that's true, you could view that as a legal question that we could reach. I agree, yes. If it's a narrow question as to whether in-house or general counsel can be an attorney under Section 1927, yes. I do want to urge this Court to apply the waiver rule. And I understand there's a little bit of contradiction or tension between my arguments, but — Does it matter for you? I mean, would it actually be better for you if we say he was an attorney and he gets sanctions than to just apply the waiver rule? My concern is that this litigation — we've vexatiously litigated for 17 months below. We're now five years after Mr. Brumley's misleading statements. I have a feeling there will be another appeal if it's just on the merits. Waiver — Mr. Brumley is not entitled to the graces of the judicial system. And we're here because he misled a federal district court to try to get his client dismissed from litigation. Wait, wait, sorry, just so I understand what you're saying. You think if we say it was waived, he won't try to go to the Supreme Court? But if we say he is an attorney, he will try to go to the Supreme Court? Is that what you're saying? I think it more soundly reinforces the fact that someone like Mr. Brumley, right, if his argument is waived and or it's also could be affirmed on the merits, it reduces the likelihood of continued litigation at the Supreme Court. And I think the circumstances of this case, when the only reason we're here is because an attorney, in his role as an attorney, leveraging the credibility of afforded attorneys, lies to a federal district court, and now here we are, and we're still litigating for — we're five years later. I think this is certainly a case where the waiver rule, the law certainly permits this panel to enforce the waiver rule here. Thank you. The next thing I want to address is this notion that sanctioning an attorney like Mr. Brumley in these circumstances is somehow opening the floodgates to courts sanctioning attorneys all over the place. There's two mechanisms in the law. Number one, the plain language of the statute, and then number two, the rule of narrow construction for penal statutes that I think really limit the way the statute can be construed and applied by courts. Right? So we're not going to be sanctioning attorneys who may be driving under the influence, right, for anything they do wrong. Number one, as the statute says, it only applies to attorneys who unreasonably and vexatiously multiply judicial proceedings. That real quickly narrows the universe of attorneys to those that have a connection or a direct nexus to judicial proceedings, right? So we're not talking about attorneys who are dishonest when they get pulled over by a police officer. They have to also multiply and vexatiously — excuse me — unreasonably and vexatiously multiply judicial proceedings. The second mechanism that really prevents application of the statute from being, I think, the worst-case scenario, as discussed by my colleague, in other words, attorneys being sanctioned all over the place, is the rule of narrow statutory construction, which applies in the Ninth Circuit, and it requires a district court, when it's considering sanctions on an attorney, to number one, make a finding of bad faith, and number two, when conducting that analysis, to give every benefit of the doubt to the attorney. Let's say we've got conduct that could be characterized as frivolous, but maybe also a creative effort to expand the law. As I think the quotes from Mr. Brumley's — the cases cited by Mr. Brumley stay, courts need to be careful not to stifle the enthusiasm or chill the creativity that's the lifeblood of the law. This is the narrow statutory construction principle, and it applies when all courts in this circuit are determining whether an attorney should be sanctioned. We agree with that, and it really does limit when courts can sanction attorneys. Attorneys acting in good faith, seeking creative extensions of the law, should not be punished even if it's kind of a middle-of-the-ground case where maybe somebody could say their conduct was frivolous. That's not this case. This case is sanctioning an attorney who is acting in bad faith, attempting to undermine the judicial process by misleading a federal district court. So apply in 1927, Section 1927, just as this court did in Caputo, not be opening the floodgates to attorney sanctions. It's confirming that attorneys will be punished if they intentionally try to mislead federal district courts. That is what the statute is intended to do. I see that I have five minutes left. I don't have additional comments. I'm happy to answer any questions if the panel has them. Thank you. Thank you. Thank you. Well, we do have some agreement in terms of narrowly interpreting the statute. As a penal statute, Section 1927 should be interpreted narrowly and carefully. And here, our position is Mr. Brumley was acting as the client representative. He was not acting as an attorney, as that term is used in the statute, regarding lawyers who are conducting the litigation. And the motion for sanctions here was really, it's an end run around the safe harbor of Rule 11, because the motion was withdrawn. And it's an end run around the law that these particular sorts of sanctions were not supposed to be against a party or a party's employee. That's not what this statute is about. And here, Mr. Brumley is an employee of the party. And I'll reiterate that he didn't need to sign this in his role as a general counsel. Another employee could have done it. But he did. And that shouldn't be the hook that suddenly results in the sanctions here. The Caputo case is a development of the law that didn't exist when this was first being briefed in the district court and during the first appeal. And Caputo expanded the notion of what sorts of lawyers can be caught up in this. And Caputo made clear, to Judge Lasnik's point, is it doesn't matter whether you're admitted to the particular court. If you're admitted to any federal court, we're going to use that as the hook to draw you in. But Caputo also made clear that the reasons that the sanctions were issued against him was because he was the mastermind of the litigation. He was the outside general counsel who was controlling all of the other lawyers. And that was the offensive conduct. That was the basis for the sanctions. And here, there's nothing in the record about Mr. Brumley controlling anything in this litigation. He was just he was given a factual declaration to sign, and he signed it. And there were other lawyers that were handling all of this that did the theories and came up with the motions and filed and everything else. And he was purely acting as a fact witness. So the legal rule that's at issue —  You're over your time. Could you wrap up when you're able? Sure. There should either be a finding that a lawyer who signs a factual affidavit in a circumstance like this is not subject to this statute, or alternatively, as the other side has suggested, there should be a remand to find out if Mr. Brumley actually did something that would allow him to be sanctioned under this statute. Thank you. Thank you, both sides, for the argument. This case is submitted. We are now going to conference, and I think our law clerks are going to speak with the students, and then we'll come back and speak with the students, but we will not talk about the cases. Anyone's welcome to stay, but we will, of course, not discuss any of today's cases. Thank you very much.
judges: FRIEDLAND, MENDOZA, Lasnik